UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL DELANIS,

    Plaintiff,

v.                                                              CASE #:

POLK COUNTY SCHOOL BOARD,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, DANIEL DELANIS (hereinafter "Plaintiff"), by and through his undersigned counsel, sues Defendant, POLK COUNTY SCHOOL BOARD (hereinafter "Defendant"), and upon information and belief alleges the following:

### INTRODUCTION

1. This action seeks compensatory and punitive damages from Defendant due to Defendant's violation of the Family Medical Leave Act (FMLA).

2. At all times material to this claim, Defendant was the governing body of the Polk County School District and made all decisions relative to the employment of school custodians.

3. Plaintiff was terminated from his employment as a school custodian for Defendant after taking a valid medical leave for an FMLA-qualifying condition and after applying with Defendant for FMLA approved leave of absence.

4. As a result of this termination, Plaintiff has suffered damages and financial harm, including lost pay, lost pay Plaintiff would have received in the future, lost insurance and other lost employment benefits.

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 2601-2654 because Plaintiff has raised federal claims herein under the FMLA.

## VENUE

6. Venue is proper in this Court under 28 U.S.C. §1391(b) and (e) in that a substantial part of the events or omissions giving rise to the claim occurred in this district, and all of the parties reside in this district.

## PARTIES

7. For all times material to this claim, Plaintiff was an adult individual with maintaining residency in the jurisdiction set forth above.

8. Defendant, pursuant Florida Statute §230.21, was the governing body of the Polk County School District, responsible for overseeing the operations of Polk County schools and responsible for the employment of Polk County school employees, including custodians.

## STATEMENT OF FACTS

9. Plaintiff was hired by Defendant as a Polk County school custodian in 1989. For that time until his termination, Plaintiff worked in Polk County at Medulla Elementary School as a full-time school custodian.

10. Plaintiff last worked as a custodian on or about November 16, 2012, after which there was an employment break in conjunction with the Thanksgiving holiday. Plaintiff was scheduled to return to work after the Thanksgiving holiday break on or about November 26, 2012.

11. On the weekend before he was scheduled to return to work, Plaintiff suffered advancing low back pain, which became debilitating to the point that he visited the

Emergency Room. He was seen at Bartow Regional Medical Center Emergency Room on the night before his scheduled return-to-work time.

12. After being evaluated at the hospital, medical providers indicated that Plaintiff was "off work" and unable to return to work until followed by Plaintiff's regular physician.

13. Plaintiff called Defendant, his employer, and advised of his status.

14. Plaintiff followed up care and treatment with his private physician on December 4, 2012 and again on December 12, 2012. At the latter visit, Plaintiff was referred by Dr. Bala to a neurosurgeon for evaluation. During this time, Plaintiff was maintained in his "off work" status.

15. During this time, Plaintiff called Defendant, his employer, and advised of his status.

16. Plaintiff was evaluated by a neurosurgeon on December 13, 2012. After that visit, the medical provider issued a note excusing Plaintiff from work until further notice and indicated, "FMLA forms pending."

17. During this treatment time, Plaintiff requested from his employer, Defendant, paperwork for approved FMLA time off work. He received these documents and brought to the neurosurgeon the employer's form requesting verification of leave by a physician.

18. Once he received this physician statement, Plaintiff provided to Defendant the completed paperwork for approved FMLA time, including the physician statement.

19. On or about December 12, 2012, the principal working at Medulla Elementary School recommended Plaintiff's termination, alleging job abandonment.

20. The school principal made this recommendation notwithstanding that Plaintiff had advised of his medical condition, had advised of his inability to work due to that condition and had requested FMLA approved time off from work.

21. Defendant later sent to Plaintiff a letter dated January 9, 2013, advising of its intent to terminate Plaintiff.

22. Defendant did so notwithstanding that Plaintiff had advised of his medical condition, had advised of his inability to work due to that condition, had requested FMLA approved time off and had provided to Defendant a medical note from the neurosurgeon relating that Plaintiff was unable to work due to his medical condition.

23. Sometime on or about February 19, 2013, Defendant terminated Plaintiff's employment.

24. Defendant terminated Plaintiff's employment notwithstanding that Plaintiff had advised of his medical condition, had advised of his inability to work due to that condition, had requested FMLA approved time off, had provided to Defendant a medical note from the neurosurgeon relating that Plaintiff was unable to work due to his medical condition, and had provided Defendant completed forms with medical authorization seeking approved FMLA time off due to his medical condition.

### COUNT I
### Violations of the Family Medical Leave Act

25. Plaintiff realleges and reincorporates paragraphs 1 through 24 as if fully alleged herein.

26. Plaintiff was an eligible employee under the definition terms of the FMLA, 29 U.S.C. § 2611.

27. At the time of his leave, Plaintiff had been employed by Defendant for at least twelve (12) months.

28. Further, Plaintiff had worked at least 1,250 hours for Defendant during the twelve (12) months prior to his taking medical leave.

29. At all times material hereto, Defendant employed in excess of fifty (50) employees within seventy-five (75) miles of the location where Plaintiff worked.

30. Plaintiff requested leave for a serious health condition in November and in December of 2012.

31. Plaintiff timely provided to Defendant information about his serious health condition and medical verification confirming his need for a medical leave of absence.

32. Plaintiff was entitled to receive leave pursuant to the FMLA, and Defendant was not permitted to take adverse employment actions or retaliate against Plaintiff for exercising his rights under the FMLA.

33. Defendant failed to provide notice to Plaintiff regarding his rights and obligations pursuant to FMLA.

34. Defendant failed to designate Plaintiff's absences as FMLA-qualifying.

35. Defendant interfered with Plaintiff's rights under the FMLA by terminating his employment during his FMLA-qualifying medical absence and refusing to reinstate him afterwards.

36. Defendant further retaliated against Plaintiff by firing him for taking FMLA-qualifying absences.

37. Defendant's actions were willful.

38. Defendant's actions caused Plaintiff financial harm including the loss of wages, lost wages into the future, lost salary increases and bonuses, lost health care benefits, lost retirement contributions and benefits, and seniority.

39. Plaintiff has been required to retain the undersigned attorney to prosecute this action and is obligated to pay the undersigned attorney a reasonable fee.

40. In the event Plaintiff prevails in this action, he is entitled to an award of his reasonably attorneys' fees pursuant to §627.428, Florida Statutes (2001).

WHEREFORE, Plaintiff, DANIEL DELANIS respectfully prays that this Court enter an Order requiring reinstatement of Plaintiff's employment in the same respect that Plaintiff would have been reinstated had Defendant provided Plaintiff's FMLA rights, back pay, front pay, salary increases and bonuses, insurance, retirement contributions and benefits, and seniority, attorneys' fees and costs and such other relief as this Court deems just, proper and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, DANIEL DELANIS hereby demands a trial by jury on all issues so triable. Dated this 5th day of December 2013.

MARK G. CAPRON, P.A.

_____
Mark G. Capron, Esquire
Florida Bar # 0039748
2212 South Florida Avenue, Suites 4 & 5
Lakeland, FL 33803
Telephone: 863-644-2535
Facsimile: 863-647-5415
Primary: mcapron@markcapronlaw.com
Secondary: sstrickland@markcapronlaw.com
Attorney for Plaintiff